(JS-6 Admin)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 2:22-cv-03002-SSS-Ex | Date | September 23, 2022 |
|---|---|---|---|
| Title | Atlantic Specialty Insurance Company v. NAXT Motors, Inc., et al. | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **ORDER GRANTING DEFENDANT WENBIN JI'S NOTICE OF MOTION AND MOTION FOR STAY OF THE PROCEEDINGS PENDING RESOLUTION OF STATE COURT ACTION [DKT. 22] (IN CHAMBERS)**

Before the Court is Defendant Wenbin Ji's ("Defendant Ji") Notice of Motion and Motion for Stay of the Proceedings Pending Resolution of State Court Action. [Dkt. 22]. Plaintiff Atlantic Specialty Insurance Company ("Atlantic") opposes the motion. [Dkt. 27]. The Court has reviewed the submissions of the Parties,[1] and for the reasons set forth below, **GRANTS** Defendant Ji's motion to stay.

---

[1] Atlantic correctly notes that Defendant Ji's Reply Brief [Dkt. 43] was filed four days late in violation of Local Rule 7-10. Pursuant to Local Rule 7-12, "[t]he Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule." While the Court does not generally condone filings beyond the deadlines set by the Local Rules of this district or the Court's Civil Standing Order [Dkt. 23], Atlantic has not demonstrated any prejudice caused by the four-day tardiness of Defendant Ji's Reply brief, and the Court does not decline to consider it.

I.   **BACKGROUND**

This action is related to a case currently pending in Los Angeles Superior Court, *Wenbin Ji v. Naxt Motors, Inc., et al.*, Case No. 20STCV21798, filed by Defendant Ji on June 9, 2020 (the "State Proceeding") to recover for personal injuries he sustained while scuba diving off a 48-foot yacht named the *EASTERN BREEZE*, Official Number 920278 ("Yacht"). [Dkt. 1 ¶¶ 11, 20–21].

For the purposes of Defendant Ji's motion to stay, the facts as alleged in Atlantic's Complaint [Dkt. 1] are undisputed by Defendant Ji and Atlantic.

- On or about October 23, 2018, Defendant Naxt renewed a contract of marine insurance for the Yacht. The insurance policy, Yacht Policy No. JQ53839 for the time period of October 23, 2018, to October 23, 2019 ("Policy"), was issued by Plaintiff Atlantic Specialty. [*Id.* ¶ 12].

- Defendant Naxt sold the Yacht to Defendant Reflex Scuba via a bill of sale dated August 5, 2019, and/or sold the Yacht to Defendant Blue Propeller via a bill of sale dated August 6, 2019. [*Id.* ¶ 15].

- Defendant Reflex Scuba bareboat chartered the Yacht to Defendant Captain Li for the time period of August 6, 2019, to August 10, 2019, in exchange for payment to Defendant Reflex Scuba of nine-hundred dollars ($900.00) as reflected in a Bareboat Charter Agreement dated August 5, 2019. [*Id.* ¶ 16].

- Then, on or about August 7, 2019, the Yacht was being used by Captain Li to take a paying passenger, Defendant Ji, scuba diving when Mr. Ji was struck by the propeller, resulting in personal injuries. [*Id.* ¶ 18].

- On or about June 20, 2020, Defendant Ji filed a lawsuit in Los Angeles Superior Court against Defendants Naxt, Gao, Blue Propeller, Reflex Scuba, Yu, and Captain Li, entitled *Ji v. Reflex Scuba et al.*, Case No. 20STCV21798 seeking to recover for his personal injuries. [*Id.* ¶ 21].

- Defendants Naxt and Gao subsequently tendered their insurance claim for defense of and indemnity for the underlying lawsuit to Plaintiff Atlantic Specialty under the Policy. [*Id.* ¶ 22].

- Plaintiff Atlantic Specialty agreed to provide Defendants Naxt and Gao with a defense in the underlying lawsuit subject to a full reservation of rights under the Policy and at law, including the right of reimbursement of defense fees and costs paid in defending Naxt and Gao against claims for which there was no obligation to defend, and including the right to seek a court declaration regarding coverage. [*Id.* ¶ 25].

Plaintiff Atlantic Specialty filed the instant federal lawsuit for declaratory relief as to coverage and reimbursement of defense costs associated with the State Proceeding. [*Id.* ¶¶ 27–34].

## II.   LEGAL STANDARD

The Court's authority to stay a proceeding is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Federal courts sitting in diversity apply federal law to determine the procedural issue of whether to grant a stay. *See, e.g.*, *Zurich Am. Ins. Co. v. Omnicell, Inc.*, No. 18-CV-05345, 2019 WL 570760, at *4 (N.D. Cal. Feb. 12, 2019) (applying *Landis* factors to motion to stay in an insurance coverage diversity jurisdiction case); *United Specialty Ins. Co. v. Bani Auto Grp. Inc.*, No. 18-CV-01649, 2018 WL 5291992, at *4 (N.D. Cal. Oct. 23, 2018) (same).

The party requesting the stay bears the burden of establishing the stay's need. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (stating the "Landis factors"). If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

## III.   ANALYSIS

Defendant Ji has satisfied his burden of establishing the stay's need under the *Landis* factors.  As discussed below, all three *Landis* factors weigh in favor of granting a stay of the instant action.

### 1.   **Possible Damage Resulting from a Stay**

Defendant Ji correctly notes that Atlantic bears no risk in waiting for the State Proceeding to unfold.  In fact, as Defendant Ji states, a stay will be advantageous for all parties, including Atlantic, because many underlying issues that are present in the instant litigation, such as ownership, control, and use of the Yacht, will be resolved in the State Proceeding and will help determine whether Atlantic is bound by its policy terms to indemnify Defendants Naxt and Gao.  Additionally, the resolution of the State Proceedings may moot the instant litigation with respect to Defendants Ji, Yu, and Yu's entity-defendants.

Additionally, as Defendant Ji states, Atlantic bears no risk or harm by waiting for the State Proceedings to unfold.  Atlantic's claims in the instant lawsuit stem from its agreement to provide such a defense to Defendants Naxt and Gao in the State Proceeding.  [*Id.* ¶¶ 27–32].  Moreover, it is undisputed that "Plaintiff Atlantic Specialty agreed to provide Defendants Naxt and Gao with a defense in the underlying lawsuit subject to a full reservation of rights under the Policy and at law, including the right of reimbursement of defense fees and costs paid in defending Naxt and Gao against claims for which there was no obligation to defend, and including the right to seek a court declaration regarding coverage." [Dkt. 1 ¶ 25].  Thus, if in the State Proceeding, Defendants Naxt and Gao are found in violation of the insurance policy, Atlantic will be reimbursed pursuant to its contract with its insured.  If, however, Defendants Naxt and Gao are not found negligent or not found as owners of the Yacht, then Atlantic still has its same opportunity to recover all fees and costs from its insured.  Thus, Atlantic bears no risk of harm by waiting for the resolution of the State Proceeding, particularly because trial for the State Court action is soon approaching and set for February 6, 2022.  [Dkt. 29 at 4].

Atlantic argues "there is at the very least a fair possibility of harm to Atlantic Specialty if the stay is granted" because "Atlantic Specialty chose this Federal Court as the forum in which to seek the remedies to which it is entitled regarding the insurance claim," and "[t]o deprive Atlantic Specialty of its ability to proceed in the adjudication of its contractual rights would be proper only in exceptional and not typical situations." [Dkt. 27 at 6].  Atlantic further states "it is

unreasonable for Atlantic Specialty to be required to postpone its lawsuit when that issue is not being adjudicated in the State Action—it merely provides background context for that lawsuit." [*Id.*]

The Court disagrees that Atlantic faces a fair possibility of harm if the stay is granted. First, Atlantic has identified no real possible harm, except that it may have to wait to recover defense fees from Defendants Naxt and Gao. Second, the purported harm Atlantic would suffer, i.e., the delayed payment of erroneous defense fees and costs, is a product of its own agreement to provide such a defense in the first place.

Moreover, even if Atlantic were to face a fair possibility of harm, Defendant Ji has satisfactorily "made out a clear case of hardship or inequity in being required to go forward," *Landis*, 299 U.S. at 255, as discussed below. Thus, the first *Landis* factor weighs in favor of stay.

### 2. Hardship or Inequity a Party May Suffer in Being Required to Go Forward

Defendant Ji correctly notes that all Defendants would face hardship and inequity by having to litigate both proceedings simultaneously. Moreover, Defendant Ji also notes that the parties in the State Proceeding have agreed to mediation. Conducting both proceedings in parallel would result in duplicative efforts and possibly risk inconsistent rulings.

Atlantic argues there is no burden or inequity because the only issue in the instant action is whether the Yacht was under charter for the sum of $900 at the time of the accident. Defendant Ji disagrees. Notwithstanding whether the issues in this proceeding are as narrow as Atlantic claims, there is still a risk of duplicative efforts by all Parties and inconsistent rulings if both the state and federal cases proceed in parallel. Thus, the second *Landis* factor also weighs in favor of a stay.

### 3. Promoting the Orderly Course of Justice

As discussed above, granting a stay will help streamline the issues and efforts by the Parties and prevent inconsistent rulings from each court. *See Geringer v. Strong*, No. 215CV08696, 2016 WL 2732134, at *6 (C.D. Cal. May 9, 2016) ("[T]he substantial overlap of issues between the two actions, presents a significant possibility of inconsistent results."). Thus, granting the stay would

promote the orderly course of justice, and the third *Landis* factors also favors granting a stay of the instant action.

      For the reasons outlined above, the Court hereby **GRANTS** Defendant Ji's motion for stay pending the resolution of the State Proceeding.  The Parties are **ORDERED** to provide a Joint Status Update on March 3, 2023.  The Clerk is **DIRECTED** to close the case administratively.

      **IT IS SO ORDERED.**